**Supreme Court**
No. 2011-19-C.A.

|        |   |
|--------|---|
| State  | : |
| v.     | : |
| Preston L. Moore. | : |

**O R D E R**

The defendant, Preston L. Moore, appeals from a June 6, 2012 order of the Superior Court denying his motion to vacate a January 29, 2008 Superior Court order affirming the determination of the Sex Offender Board of Review that the defendant should be classified as a "Risk Level 3" offender pursuant to G.L. 1956 chapter 37.1 of title 11 (the Sexual Offender Registration and Community Notification Act). This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and to show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and after studying the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this order, we affirm the order of the Superior Court.

On January 2, 2009, the Attorney General, by way of criminal information number P2/08-3896A, charged defendant, who was described as "being a person who has been convicted

of an offense which requires registration," with "fail[ing] to notify the Providence Police Department within twenty-four (24) hours after he established his new residence, in violation of §11-37.1-3, §11-37.1-5 and §11-37.1-10 of the General Laws of Rhode Island * * *." On January 16, 2009, defendant pled nolo contendere to that charge of failure to register, and the justice of the Superior Court who accepted his plea sentenced him to six years at the Adult Correctional Institutions, with two years to serve, and four years suspended with probation, all retroactive to November 18, 2008.

Thereafter, defendant, acting pro se, filed in his criminal case (P2/08-3896A) a number of motions, including a February 22, 2010 motion to vacate "the level 3 risk of re-offending." On March 15, 2010, a justice of the Superior Court heard that motion to vacate and denied it on the same day on the ground that "the motion [did] not belong in front of [him]." It is the denial of that motion to vacate which is the focus of the instant appeal.

Although not contained within the Superior Court record in P2/08-3896A, the January 29, 2008 order of the Superior Court, which the defendant appears to have challenged by way of his motion to vacate, was actually issued by a Superior Court justice in a separate civil case, PM 08-399. We hold that, because the defendant's challenge concerned an issue involved in a separate civil action, the motion justice properly denied the defendant's motion to vacate, and we are in full agreement that it was not properly before that motion justice. Nor are the issues raised by the motion to vacate (viz., the constitutional challenges to the Sexual Offender Registration and Community Notification Act) properly before this Court in this appeal of the criminal matter.

For the reasons stated in this order, we affirm the order of the Superior Court, and the defendant's appeal is denied and dismissed on procedural grounds. The record in this case may be remanded to the Superior Court.

Entered as an Order of this Court this 23rd day of January, 2013.

By Order,

_____/s/_____
Clerk



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      State v. Preston L. Moore.

**CASE NO:**      No. 2011-19-C.A.
(P2/08-3896A)

**COURT:**      Supreme Court

**DATE ORDER FILED:**      January 23, 2013

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      N/A – Court Order

**SOURCE OF APPEAL:**      Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice William E. Carnes, Jr.

**ATTORNEYS ON APPEAL:**

For State:   Aaron L. Weisman
Department of Attorney General

For Defendant:   Susan B. Iannitelli, Esq.